**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOEL ISAI IGLESIAS-ROMERO, | Case No.: 2:26-cv-00499-APG-NJK |
| Petitioner | **Order (1) Denying Petition for Writ of Habeas Corpus and (2) Granting Respondents' Motion to Extend Time** |
| v. | |
| JOHN MATTOS, et al.,[1] | [ECF Nos. 7, 10] |
| Respondents | |

Petitioner Joel Isai Iglesias-Romero is a citizen of El Salvador. ECF No. 7 at 3. He entered the United States in 2002 through an airport as a B2 visitor for pleasure and has resided in the country since then. *Id.* at 3-4. He later became a recipient under the Deferred Actions for Childhood Arrivals program but ceased being a recipient in 2014. *Id.* at 4. That same year, he was convicted for driving under the influence (DUI). *Id.* at 6. In 2025, he was arrested for another DUI, and that case is pending. *Id.* at 5.

Immigration and Customs Enforcement (ICE) detained Iglesias-Romero in Las Vegas, Nevada in October 2025. *Id.* at 4. The following month, he had a custody redetermination hearing before an Immigration Judge (IJ) who denied bond because Iglesias-Romero did not meet his burden to prove he was not a danger to the community. *Id.*; ECF No. 7-3 at 2. The IJ based his finding on Iglesias-Romero's DUI conviction and DUI arrest. ECF No. 7-3 at 2. Iglesias-Romero remains detained at the Nevada Southern Detention Center. ECF No. 7 at 3.

Iglesias-Romero filed this petition for writ of habeas corpus, seeking his immediate release or a new bond hearing in the alternative. He raises three violations of the Fifth

---

[1] Acting Attorney General Todd Blanche is substituted for Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted for Kristi Noem. Fed. R. Civ. P. 25(d).

Amendment as grounds for relief.  First, he argues the IJ at his first bond hearing improperly placed the burden of proof on him.  Second, he argues IJ's finding of dangerousness was clearly erroneous.  Finally, he contends that the government failed to conduct a bond hearing when he was initially detained by ICE.

The government moved for an extension of time to respond to the petition.  In its response, it argued that the IJ applied the proper standard at Iglesias-Romero's first bond hearing and that the IJ's decision had a reasonable foundation.

I grant the government's motion to extend time.  I deny Iglesias-Romero's petition.

**I.      DISCUSSION**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).  I have "equitable discretion" "as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

**A. The IJ's standard of review did not violate the Fifth Amendment.**

Iglesias-Romero argues that procedural due process demands that the government bear the burden of proof by clear and convincing evidence in immigration bond hearings. A noncitizen detained under 8 U.S.C. § 1226(a) is entitled to an individualized bond hearing where he must prove "by a preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk'" for the IJ to order his release. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)).

In *Rodriguez Diaz*, the Ninth Circuit rejected a claim that it is "constitutionally inadequate" for a noncitizen to bear the burden of proof at his initial immigration bond hearing. 53 F.4th at 1210. It instead held that "§ 1226(a)'s procedures satisfy due process, both facially and as applied" to the petitioner in that case. *Id.* at 1213. But the Ninth Circuit did "not foreclose all as-applied challenges to § 1226(a)'s procedures." *Id.* For example, it left open the question whether placing the burden on the noncitizen could create an unacceptably high risk of erroneous deprivation of the noncitizen's interest because the noncitizen experiences language and cultural barriers, difficulty obtaining evidence, and financial inability to hire an attorney. *Id.* at 1211-12.

Iglesias-Romero does not assert that he faced similar issues. He argues that the IJ's failure to consider his financial circumstances and alternative conditions of release is inconsistent with due process. But the Ninth Circuit has indicated it is "likely" that an IJ must consider those factors when "setting monetary bonds" after the IJ determines the noncitizen is not a danger to the community, is not a flight risk, and is thereby bond eligible. *Hernandez v. Sessions*, 872 F.3d 976, 990-91, 994 (9th Cir. 2017); *see also Matter of Siniauskas*, 27 I. & N. Dec. 207, 210 (BIA 2018) ("[A]n Immigration Judge should only set a monetary bond if the [detained noncitizen]

first establishes that he is not a danger to the community."). Further, in *Martinez v. Clark*, the Ninth Circuit held that the Board of Immigration Appeals (BIA) did not have to consider alternative conditions of release on a noncitizen's appeal of his bond denial because the BIA already found him "to be a danger to the community." 124 F.4th 775, 786 (9th Cir. 2024). Here, the IJ determined that Iglesias-Romero was a danger to the community, so it was not improper for the IJ to not consider his financial circumstances or alternatives to release when denying him bond. Therefore, I deny Iglesias-Romero's first ground for relief.

**B. The IJ did not abuse his discretion in finding Iglesias-Romero is a danger to the community.**

Iglesias-Romero next claims that the IJ's determination that he was a danger to the community based on his 2014 DUI conviction and 2025 DUI arrest is clearly erroneous. The government argues the denial of bond had a reasonable foundation.

I review an IJ's determination of dangerousness for abuse of discretion. *Martinez*, 124 F.4th at 784. Under an abuse of discretion standard, I "cannot reweigh evidence, but can only determine whether the [IJ] applied the correct legal standard." *Id.* at 785. (simplified). "Abuse of discretion review is limited to whether the IJ's decision reflects clear legal error or is unsupported by sufficient evidence." *Roa Restrepo v. Noem*, No. 2:26-cv-01735-AJR, 2026 WL 1047688, at *5 (C.D. Cal. Mar. 23, 2026) (quotation omitted).

As noted by the Ninth Circuit, BIA precedent provides nine factors than an IJ may weigh "[t]o determine whether an alien is a danger to the community." *Martinez*, 124 F.4th at 783 (citing *Guerra*, 24 I. & N. Dec. at 40). The nine factors an IJ "may" consider "include any or all of the following:"

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States,

and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Guerra*, 24 I. & N. Dec. at 40.  An IJ has "broad discretion to weigh the listed factors and add any factors not mentioned or discount those that are less probative." *Martinez*, 124 F.4th at 783-84. "[T]he *Guerra* factor most pertinent to assessing dangerousness is the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses." *Id.* at 783 (quotations omitted).

Here, the IJ first noted that Iglesias-Romero bore the burden to prove he is not a danger to the community, citing *Guerra*, 24 I. & N. Dec. 37. ECF No. 7-3 at 2.  The IJ ruled that Iglesias-Romero was a danger based on his 2014 DUI conviction and his 2025 DUI arrest. *Id.*  The IJ noted that the Supreme Court has found "driving under the influence is an inherently dangerous activity," citing *Begay v. United States*, 553 U.S. 137 (2008), and he also cited a BIA decision to support his ruling, *Matter of Siniauskas*, 27 I. & N. Dec. 207 (BIA 2018). *Id.*

The IJ did not abuse his discretion.  He applied the correct legal standard of *Guerra*. "Generally, in the absence of any red flags, [I] take [an IJ] at [his] word." *Martinez*, 125 F.4th at 785.  Iglesias-Romero raises no red flags indicating the IJ did not properly apply the law cited in the order.

The IJ's decision is supported by the record.  He accurately described Iglesias-Romero's criminal history, the most pertinent factor when assessing dangerousness, and his citations to *Begay* and *Siniauskas* support his finding of dangerousness.  The Supreme Court in *Begay* stated that "[d]runk driving is an extremely dangerous crime." 553 U.S. at 141.

*Siniauskas* is a precedential BIA decision and thus "serve[s] as precedent[] in all proceedings involving the same issue or issues" before IJs. 8 C.F.R. §§ 1003.1(g)(1), (2); *Salazar-Leyva v. Sessions*, No. 17-cv-04213-EMC, 2019 WL 1936239, at *1 (N.D. Cal. May 1, 2019). In *Siniauskas*, the BIA found a noncitizen to be a danger to the community because he had three DUI convictions from over ten years prior and was arrested for a fourth DUI within the past year. 27 I. & N. Dec. at 208. It noted how "[d]riving under the influence is a significant adverse condition in bond proceedings" because it "presents a serious risk of physical injury to others" and causes a significant amount of deaths, injuries, and property damage every year. *Id.* at 208-09 (simplified). The BIA placed considerable weight on the noncitizen's "recent arrest" for a new DUI because it "undercut[] his argument that . . . [he did] not pose a danger to the community," even though his convictions were from over ten years prior. *Id.* at 209-10.

While Iglesias-Romero has only one DUI conviction, the IJ did not commit clear error in applying *Siniauskas* in Iglesias-Romero's bond hearing. *Siniauskas*' description of the danger DUIs pose applies to Iglesias-Romero's conduct. He has a recent DUI arrest like the noncitizen in *Siniauskas*, meaning his "is not a case involving a single conviction for driving under the influence from 10 years ago." *Id*. at 210. The IJ in Iglesias-Romero's bond hearing was bound to follow *Siniauskas*' reasoning. Therefore, the IJ's order that Iglesias-Romero failed to meet his burden of proving he is not a danger to the community does not constitute abuse of discretion.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

**C. The lack of a pre-deprivation bond hearing does not entitle Iglesias-Romero to relief.**

Iglesias-Romero argues his procedural due process rights were violated when he was not given an individualized bond hearing prior to his detention.[2] The government did not respond to this claim.

Assuming this constitutes a due process violation, the proper remedy would be to order that Iglesias-Romero receive a prompt, individualized bond hearing. That already occurred. Due process does not require that he receive a second bond hearing at this time. *See Rodriguez Diaz*, 53 F.4th at 1193-94. Therefore, I deny this ground for relief.

## II.    CONCLUSION

I THEREFORE ORDER that petitioner Joel Isai Iglesias-Romero's petition for writ of habeas corpus **(ECF No. 7) is DENIED**.

I FURTHER ORDER that the respondents' motion to extend time to file a response to the amended petition **(ECF No. 10) is GRANTED**. The government filed its response on April 1, 2026, and based on this order I deem it timely.

I FURTHER ORDER the clerk of court to close this case.

DATED this 13th day of May, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Under § 1226(a)'s implementing regulations, an ICE officer makes the initial custody determination. 8 C.F.R. § 236.1(c)(8); *Rodriguez Diaz*, 53 F.4th at 1196. Iglesias-Romero does not state whether he received this initial determination. After the initial determination, the noncitizen may request a bond hearing before an IJ. *See* 8 C.F.R. §§ 236.1(d)(1), 1003.19.

7